UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMED MOHAMMAD ELGHEMBRI,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS LONG,<br><br>Defendant. | Case No. 24-cv-03071-WHO (PR)<br><br>**ORDER OF SERVICE;**<br><br>**ORDER DIRECTING DEFENDANT TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**<br><br>**INSTRUCTIONS TO CLERK** |

## INTRODUCTION

Plaintiff Ahmed Mohammad Elghembri alleges that a prison nurse failed to treat the eye and facial injuries he received when he fell out of bed. His first amended 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).

When liberally construed, Elghembri has stated an Eighth Amendment claim against Douglas Long, a nurse at San Quentin State Prison. The Court directs defendant Long to file in response to the operative complaint a dispositive motion, or a notice regarding such motion, on or before **October 6, 2025**. Defendant also shall file an answer in accordance with the Federal Rules of Civil Procedure.

No hearing will be held on any motion unless I specifically order one.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

1   governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any

2   cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

3   upon which relief may be granted or seek monetary relief from a defendant who is immune

4   from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.

5   *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

6       A "complaint must contain sufficient factual matter, accepted as true, to 'state a

7   claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

8   (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial

9   plausibility when the plaintiff pleads factual content that allows the court to draw the

10  reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting

11  *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal

12  conclusions cast in the form of factual allegations if those conclusions cannot reasonably

13  be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55

14  (9th Cir. 1994).

15      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

16  elements:  (1) that a right secured by the Constitution or laws of the United States was

17  violated, and (2) that the alleged violation was committed by a person acting under the

18  color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

19  **B.     Legal Claims**

20      Elghembri alleges that on August 23, 2023, at San Quentin State Prison, he suffered

21  injuries to his eye and face when he fell off his bunk late at night.  (Am. Compl., Dkt. No.

22  12 at 5.)  A nurse, Douglas Long, responded, looked at his bleeding wound, said, "You are

23  ok and go back inside your cell and wash your face and eye from the blood and you will be

24  fine," and declined to provide any treatment.  (*Id.* at 6.)  A bit later, Elghembri heard a

25  prison guard ask Long "Why you did [*sic*] not see the inmate?"  (*Id.* at 7.)  Long allegedly

26  replied, "I have order[s] not to see the inmate."  (*Id.*)  Elghembri saw a doctor the next day

27  for a previously arranged appointment.  (*Id.* at 8.)  When liberally construed, Elghembri

28  has stated an Eighth Amendment deliberate indifference claim against Long.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the operative complaint in this matter (Dkt. No. 12), all attachments thereto, on defendant Douglas Long, a registered nurse at San Quentin State Prison, and orders this defendant to respond to the cognizable claim raised in the operative complaint.

2. Service on this defendant shall proceed under the California Department of Corrections and Rehabilitation's e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the operative complaint (Docket No. 12) and its attachments; this Order; a CDCR Report of E-Service Waiver form; and a summons. The Clerk also shall serve a copy of this Order on the plaintiff.

3. No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which defendant(s) listed in this Order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

4. Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The Clerk shall provide to the USMS the completed USM-285 forms and copies of this Order, the summons and the complaint for service upon each defendant who has not waived service.

5. Defendant shall file an answer in accordance with the Federal Rules of Civil Procedure.

6. On or before **October 6, 2025**, defendant shall file a motion for summary judgment or other dispositive motion with respect to the claim(s) in the complaint found to be cognizable above.

    a. If defendant elects to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant shall do so in a motion for summary judgment, as required by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

    b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

7. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendant no later than forty-five (45) days from the date defendant's motion is filed.

8. Defendant shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

9. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

10. All communications by the plaintiff with the Court must be served on defendant, or on defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

11. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

Plaintiff is reminded that state prisoners may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App.

1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1. Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the Court.

12. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

13. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

14. A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012). Defendant shall provide the following notice to plaintiff when he files and serves any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate,

5

1  may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

2  *Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).

3      15.    No hearing will be held on any motion unless I specifically order one.

**IT IS SO ORDERED.**

**Dated:** June 5, 2025



WILLIAM H. ORRICK
United States District Judge